IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAYISHA ALEXANDER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:20-cv-2525-K-BT |
| | § | |
| UNITED STATES, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this pro se civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). Defendant Department of Veterans Affairs (the VA) filed a motion to dismiss Plaintiffs' claims against it under Rule 12(b)(1), arguing the United States is the only proper defendant under the Federal Tort Claims Act. Mot. (ECF No. 24). For the following reasons, the District Court should GRANT the VA's motion and DISMISS Plaintiffs' claims against it without prejudice. The District Court should also DISMISS Plaintiff Hayisha Alexander's claims against the United States without prejudice under Federal Rule of Civil Procedure 41(b).

**Background**

Pro se Plaintiffs Virgil Ard and Hayisha Alexander filed a complaint against the United States and the Department of Veterans Affairs, alleging that Dallas VA Hospital staff admitted 44-year-old veteran, Yvette Johnson, Ard's daughter and

1

Alexander's mother, but refused to assist her because a nurse was "working on a promotion test" and was "on her [F]acebook page." Compl. 4 (ECF No. 3); Mot. 1. They allege Johnson contracted pneumonia and was admitted to the ICU on May 24, 2014, where she was intubated and given medication "to paralyze her to stop her from upsetting her heartbeat." Compl. 4. Johnson was then placed on "DNR," and the "Attending Doctor allowed the Residents' (in training) to operate and do procedures without being present" until she died on June 13, 2014. *Id*. In essence, Plaintiffs contend Johnson "was used as 'practice' by the staff" and that the "VA's negligence caused [her] death." *Id*.

In response, the VA filed its motion to dismiss, arguing that the United States is the only proper defendant for tort claims against federal agencies under the Federal Tort Claims Act (FTCA) and, therefore, this Court does not have jurisdiction to adjudicate Plaintiffs' claims against the VA. Ard filed his combined "Scheduling Proposal and Response to Defendent's [sic] Motion." Ard Proposal & Resp. (ECF No. 31). Alexander did not join Ard's response or respond separately, and the time to do so has expired. Thus, the VA's motion is ripe for determination.

**Legal Standards and Analysis**

12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction

2

when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citation omitted) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). Whether the attack is facial or factual, however, the plaintiff seeking a federal

3

forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citations omitted).

When a defendant files a Rule 12(b)(1) motion to dismiss without evidentiary materials supporting it—like the VA did here—the attack is facial, and the Court need only consider the sufficiency of the allegations in the plaintiff's complaint. *See Paterson*, 644 F.2d at 523.

Here, the VA contends that the United States is the only proper defendant in an FTCA action like Plaintiffs'. Mot. 3. Ard responds the "United States is liable for the torts of its agents; to include the VA." Ard Proposal & Resp. 2. The Court concludes it lacks subject-matter jurisdiction to adjudicate Plaintiffs' claims against the VA.

The United States may not be sued without its consent, and its consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citations omitted). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies," such as the Department of Veterans Affairs, "from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank,* 486 U.S. 549, 554 (1988); *Fed. Housing Admin. v. Burr,* 309 U.S. 242, 244 (1940)). However, "[t]he Federal Tort Claims Act is a limited waiver of the sovereign immunity of the United States government," and is "itself is a grant of jurisdiction to the federal courts" with respect to certain tort claims. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 n.2 (5th Cir. 1988). The FTCA empowers district courts to exercise jurisdiction over claims against the United

4

States for injury, loss of property, personal injury, or death caused by a federal employee's negligent or wrongful act, committed while he or she acted within the scope of his or her office or employment. *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991) (citing 28 U.S.C. § 1346(b)(1)). Critically, the FTCA's text itself provides that "district courts . . . shall have exclusive jurisdiction of civil actions on claims [permitted under the FTCA] *against the United States*," 28 U.S.C. § 1346(b)(1) (emphasis added), and "[i]t is well established that FTCA claims may be brought against only the 'United States,' and not the agencies or employees of the United States." *Walters v. Smith*, 409 F. App'x 782, 783 (5th Cir. 2011) (per curiam) (citing 28 U.S.C. §§ 2671, 2679(a), (b)(1) (providing that FTCA does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment)) (citing cases). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183 (citations omitted).

In this case, Plaintiffs bring tort claims related to Yvette Johnson's death against both the United States and the VA. Compl. 2, 4. Because the United States is the only proper defendant under the FTCA, the Court lacks subject-matter jurisdiction to adjudicate Plaintiffs' claims against the VA, and they should be DISMISSED without prejudice.

### Rule 41(b)

Pro se Plaintiffs Hayisha Alexander and Virgil Ard filed this lawsuit on

5

August 26, 2020. Compl. After Plaintiffs' lawsuit had been served and the United States and the VA filed an answer and a motion to dismiss, respectively, (ECF Nos. 24 & 25), the Court ordered the parties to "each submit a written report regarding a proposed schedule by February 18, 2021," required "[e]ach party's written report . . . [to] be signed by the party's counsel or the party himself or herself," and warned that "if either Plaintiff fails to submit a written report regarding a proposed schedule in compliance with this order, his or her case may be dismissed without prejudice for failure to prosecute." Order (ECF No. 27) (citing Fed. R. Civ. P. 41(b)). Neither Plaintiff submitted a proposed schedule by February 18, 2021, so the Court issued a show-cause order four days later, ordering Plaintiffs Alexander and Ard to file a written response no later than March 5, 2021, explaining why this case should not be dismissed for failure to prosecute. Show Cause Order (ECF No. 29). Ard timely filed a response to the Court's show-cause order, representing that Winter Storm Uri prevented him from meeting the Court's February 18 deadline. Ard Show Cause Resp. (ECF No. 30). Then on April 6, 2021, Ard filed his "Scheduling Proposal and Response to Defendent's [sic] Motion." Ard Proposal & Resp. Alexander did not sign either of Ard's filings nor file her own proposed schedule, response to the Court's show-cause order, or response to the VA's motion to dismiss.

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-

6

30 (1962); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630-31); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). Because Alexander failed to respond to the VA's motion to dismiss and to comply with the Court's orders to submit a scheduling proposal and show cause in writing, the Court should DISMISS Alexander's claims against the United States[1] without prejudice for failure to prosecute and comply with the Court's orders. *See* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders); *Boudwin*, 756 F.2d at 401 ("Although . . . [Rule 41(b)] speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte,* with or without notice to the parties.").

## Recommendation

For the reasons stated, the District Court should GRANT Defendant Department of Veterans Affairs' Rule 12(b)(1) motion to dismiss (ECF No. 24) and DISMISS Plaintiffs' claims against the VA without prejudice for lack of subject-matter jurisdiction. The District Court should also DISMISS Plaintiff Hayisha

---

[1] Because the Court recommends dismissing Plaintiffs' claims against the VA under Rule 12(b)(1), as explained above, it does not also recommend dismissing Alexander's claims against the VA under Rule 41(b).

Alexander's claims against the United States without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with the Court's orders.

**SO RECOMMENDED**.

April 9, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).